BENJ. A. CRAWFORD *v.* STORMS & BROOKS.

1. BILLS OF EXCHANGE AND PROMISSORY NOTES: FOUNDED ON A GAMING CONSIDERATION IN PART, VOID.—A bill of exchange or promissory note is void, where the consideration in whole or in part is for money or other valuable thing won at any game or games whatever, or on any horse-race. Rev. Code, 361, art. 1.

ERROR to the Circuit Court of Copiah county. Hon. John E. McNair, judge.

*W. P. Harris,* for plaintiff in error, cited Rev. Code, 361, art. 1.

*J. W. Robb,* for defendants in error, contended :

That the declaration makes a concise statement of the grounds of complaint; the indebtedness of Crawford is for goods sold and delivered, and files as an evidence of indebtedness his promissory note executed therefor. This is the same as a count for goods sold or money lent; under this count, where the note is void, because tainted with illegality, the plaintiff may recover on a count for goods sold or money lent. Bailey on Bills, 591.

HARRIS, J., delivered the opinion of the court.

This is an action of assumpsit on a promissory note, to which the defendant pleaded first, the general issue, and second, that a part of the consideration of the note was for goods, &c., won on a horse-race, and void.

On these pleas there was a jury and verdict for defendant.

The plaintiff below moved for a new trial, because the verdict of the jury was contrary to the law and evidence ; which motion was sustained by the court, and a new trial granted. To which opinion of the court granting a new trial the defendant below excepted, and tendered his bill of exceptions. The evidence contained in the bill of exceptions showed, that there was included in the amount of said note the price of a pair of boots

of the value of eight dollars, won by plaintiff Brooks, one of the defendants, on a horse-race.

By act 1, p. 361, Rev. Code, all contracts, &c., * * where the whole or any part of the consideration or foundation of such contract, &c., shall be for money or other valuable thing what-ever won, &c., * * * at any game or games whatever, or on any horse-race, &c., * * * shall be utterly void.

It is impossible to avoid the force of this statute. The proof shows that a part of the consideration of the note sued on was the price of a pair of boots won by one of the plaintiffs off the defendant, on a horse-race. The note, therefore, is declared void by the statute ; and this being the only cause of action relied on in the declaration, it necessarily follows that no recovery can be had.

The suggestion by counsel for defendant in error, that this count, on a promissory note, under our system of pleading, may be made to perform the office of a *special* count, as well as any *common count* needed, goes beyond the most flexible provisions yet enacted by the legislature.

Let the judgment of the Circuit Court, granting a new trial in this case, as well as the judgment for the plaintiff below on said new trial, be reversed, and judgment entered here for the plaintiff in error.